IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ESTATE OF SAMUEL A. SHPIGLER, deceased by its Administrator, JANET M. VERGARE,<br><br>         Plaintiff,<br><br>    vs.<br><br>HILTON HOTELS CORPORATION, ET AL.,<br><br>         Defendants.<br>_____ | CV 08-00318 ACK-LEK |

**FINDING AND RECOMMENDATION THAT**
**<u>CASE BE DISMISSED WITHOUT PREJUDICE</u>**

On October 16, 2008, this Court issued an order allowing James Krueger, Esq., Cynthia Wong, Esq., and Lance Hevizy, Esq., to withdraw as counsel for Plaintiff Estate of Samuel A. Shpigler, deceased, by its Administrator, Janet M. Vergare ("Plaintiff").  The Court cautioned Plaintiff that, as a legal entity, it could not represent itself pro se.  The Court also cautioned Plaintiff that its New York counsel, Steven Beldock, Esq., did not appear to be licensed to practice in Hawaii and therefore could not appear in this case unless and until he was granted admission pro hac vice.  The Court ordered Plaintiff to appear via new counsel at the Rule 16 scheduling conference on November 24, 2008.  At the November 24, 2008 conference, no one appeared on Plaintiff's behalf, and there is

no indication in the record that Plaintiff has retained new counsel.

Courts do not take failure to comply with court orders lightly.  Rule 16(f) provides, in pertinent part:

> (1) In General.  On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:
>    (A) fails to appear at a scheduling or other pretrial conference;
>    . . . .
>    (C) fails to obey a scheduling or other pretrial order.
> (2) Imposing Fees and Costs.  Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses--including attorney's fees--incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.

Rule 37(b)(2)(A)(v) provides that the court may "dismiss[] the action or proceeding in whole or in part[.]"  Fed. R. Civ. P. 37(b)(2)(A)(v).  In addition, Federal Rule of Civil Procedure 41(b) provides for involuntary dismissal "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order[.]"

Plaintiff failed to comply with the order allowing counsel to withdraw and Plaintiff cannot prosecute this case without new counsel.  Plaintiff had ample opportunity to retain new counsel, but has failed to do so.  After weighing the five dismissal factors set forth in Bautista v. Los Angeles County,

216 F.3d 837, 841 (9th Cir. 2000),[1] the Court finds that the public interest in expeditious resolution of this litigation and the court's interest in managing the docket strongly outweigh the policy favoring disposition of cases on the merits.  Moreover, Defendant Hilton Hotels Corporation will not be prejudiced and there are no less drastic alternatives available at this time.

In accordance with the foregoing, this Court RECOMMENDS that this case be DISMISSED WITHOUT PREJUDICE.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, January 12, 2009.



 /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**ESTATE OF SAMUEL A. SHPIGLER, DECEASED, BY ITS ADMINISTRATOR, JANET M. VERGARE V. HILTON HOTELS CORPORATION, ET AL; CV 08-00318 ACK-LEK; FINDING AND RECOMMENDATION THAT CASE BE DISMISSED WITHOUT PREJUDICE**

---

[1] The Ninth Circuit has delineated five factors a district court must weigh in determining whether to dismiss a case for failure to comply with a court order: "1) the public interest; 2) the court's need to manage the docket; 3) the risk of prejudice to the defendant; 4) the public policy favoring disposition of cases on their merits; and 5) the availability of less drastic alternatives."  Bautista, 216 F.3d at 841 (citation omitted).